# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
|  | Case No. 2:13-CV-00230-VEB |
| NYNA JEAN MARIE LAYNE,<br><br>                     Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                     Defendant. | DECISION AND ORDER |

## I. INTRODUCTION

In February of 2010, Plaintiff Nyna Jean Marie Layne applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by the Law Offices of Dana Madsen, Joseph Linehan, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On March 5, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

## II. BACKGROUND

The procedural history may be summarized as follows:

On February 10, 2010, Plaintiff applied for SSI benefits, alleging disability beginning April 1, 2000. (T at 120-23).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 13, 2011, a hearing was held before ALJ James W. Sherry. (T at 37). Plaintiff appeared with her attorney and testified. (T at 43-56). The ALJ also received testimony from Sharon Welter, a vocational expert (T at 57-63).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

On December 16, 2011, ALJ Sherry issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 17-36).   The ALJ's decision became the Commissioner's final decision on April 23, 2013, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On June 17, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on November 25, 2013. (Docket No. 13).

Plaintiff filed a motion for summary judgment on April 28, 2014. (Docket No. 19).  The Commissioner moved for summary judgment on June 9, 2014. (Docket No. 21).  Plaintiff filed a reply brief on June 30, 2014. (Docket No. 22).  As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 10, 2010, the alleged onset date. (T at 22). The ALJ determined that Plaintiff's obesity, osteoarthritis, lumbar degenerative disc disease, right knee degenerative joint disease, mild left knee status post meniscus repair, migraines, borderline intellectual functioning, dysthymia disorder, adjustment disorder with depressed mood, and personality disorder with borderline features were impairments considered "severe" under the Act. (Tr. 22-23).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23-25).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR § 416.967 (a), except that she should avoid concentrated exposure to extremes of cold, vibrations, and hazard.  With regard to mental demands, the ALJ found that Plaintiff could perform simple, routine, repetitive tasks, provided she was not in a fast paced environment and provided the environment was low stress and required only occasional decision-making and changes in the work setting, and involved only superficial interaction with the general public. (T at 25-30).

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

The ALJ concluded that Plaintiff could not perform her past relevant work as a nurse assistant. (T at 30).   However, considering Plaintiff's age (30 on the application date), education (limited), work experience, and RFC (sedentary, with non-exertional limitations outlined above), the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30-31).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Act, between February 10, 2010 (the application date) and December 16, 2011 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 31). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

## D.    Plaintiff's Argument

Plaintiff contends that the Commissioner's decision should be reversed.   In particular, she argues that the ALJ did not properly assess the medical evidence with her regard to her psychological impairments.

## IV. ANALYSIS

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion and an examining physician's opinion is

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only for clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

## A.    Summary of Examining Providers' Opinions

### 1.    *Dr. Rosekrans*

In October of 2010, Dr. Frank Rosekrans, an examining psychologist, completed a psychological/psychiatric evaluation.  He opined that Plaintiff's depression and anxiety were likely to cause moderate limitations as to Plaintiff's ability to perform basic work-related activities. (T at 411).  Dr. Rosekrans diagnosed major depressive disorder (single episode, mild), borderline intellectual functioning, and psychosocial and environmental problems.  (T at 412).  He assigned a Global Assessment of Functioning ("GAF") score[2] of 45 (T at 412), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue*,

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). Dr. Rosekrans assessed marked limitations with regard to relating appropriately to co-workers and supervisors; responding appropriately to and tolerating the pressures and expectations of a normal work setting; and maintaining appropriate behavior in a work setting. (T at 413).

Dr. Rosekrans performed a second assessment in October of 2011. He opined that Plaintiff's depression would cause moderate limitations, while her anxiety would result in mild limitations. (T at 479). Dr. Rosekrans diagnosed major depressive disorder (single episode, mild), maladaptive health behaviors affecting medical condition, somatization disorder, borderline intellectual functioning, and occupational problems. (T at 479). He again assigned a GAF score of 45. (T at 479). Dr. Rosekrans reported that he did not believe Plaintiff could engage in competitive employment. (T at 481).

   *2.       Dr. Arnold*

Dr. John Arnold, an examining psychologist, completed a psychological/psychiatric evaluation in April of 2008. He assessed marked limitations arising from Plaintiff's depressed mood and physical complaints. (T at 237). Dr. Arnold opined that Plaintiff had marked limitations as to exercising judgment and making decisions and moderate limitations with regard to

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

understanding, remembering, and following complex instructions and learning new tasks. (T at 238). Dr. Arnold also found moderate limitations with regard to Plaintiff's ability to maintain appropriate behavior, relate appropriately with co-workers and supervisors and respond appropriately to and tolerate the pressure and expectations of a normal work setting. (T at 238).  He did note some suggestion that Plaintiff was over-reporting her psychological difficulties. (T at 241).

Dr. Arnold diagnosed major depressive disorder (recurrent moderate), rule out somatoform disorder, rule out borderline intellectual functioning, and financial and employment problems. (T at 242).  He assigned a GAF score of 60, which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).

3.    *Dr. Moua*

In July of 2008, Dr. Ger Moua, an examining psychologist, completed a psychological/psychiatric evaluation.  Dr. Moua assessed moderate depressed mood, motor retardation, and physical complaints. (T at 227).  He diagnosed adjustment disorder with depressed mood and borderline intellectual functioning. (T at 227). Dr. Moua opined that Plaintiff would have mild limitation as to learning new tasks, exercising judgment, and making decisions. (T at 228).  Dr. Moua assessed marked

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

limitation as to Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and moderate limitations with regard to relating appropriately with the public, co-workers, and supervisors and controlling physical or motor movements and maintaining appropriate behavior. (T at 228). Dr. Moua reported that Plaintiff was not likely to work in the next 6 months unless she received individual counseling focused on loss and pain management. (T at 235). He assigned a GAF of 60 (T at 235), which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).

  *4.  Dr. Greene*

  Dr. W. Greene, an examining psychologist, conducted a psychological/psychiatric evaluation in November of 2009. Dr. Greene diagnosed dysthymic disorder, borderline personality disorder, borderline and intellectual functioning. (T at 201). He assigned a GAF of 55 (T at 201), which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013). He assessed moderate limitations as to Plaintiff's ability to make decisions and exercise judgment; perform routine tasks; respond appropriately to and

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

tolerate the pressures and expectations of a normal work setting; relate appropriately with the public, co-workers, and supervisors and maintain appropriate behavior in a work setting. (T at 202).

**B**.    **Adequacy of ALJ's Assessment of the Medical Opinions**

The ALJ discounted the examining physicians' opinions to varying degrees. He gave little weight to Dr. Rosekrans's October 2010 opinion and "some" weight to his October 2011 assessment. (T at 28-29). The ALJ gave "little weight" to Dr. Arnold's opinion and, in particular, discounted the doctor's conclusion that Plaintiff had a marked limitation with regard to her ability to make decisions. (T at 29). He gave Dr. Moua's opinion "some weight" and afforded "some weight" to Dr. Greene's findings. (T at 28).

This Court finds that the ALJ did not provide sufficient reasons for discounting these medical opinions. Thus, the Court finds that the assessment of Plaintiff's psychological limitations is not supported by substantial evidence.

*1.        Activities of Daily Living*

The ALJ discounted the examining physicians' opinions as inconsistent with Plaintiff's activities of daily living, which were described as attending to personal care needs, engaging in household chores (*e.g.* laundry, preparing meals, washing dishes), grocery shopping), and performing basic leisure activities (*e.g.* using the

computer, watching television, visiting her significant other, reading books and newspapers). (T at 26).  However, Plaintiff's ability to perform these routine aspects of daily living has limited probative value with respect to her capacity to handle the stress demands of competitive, remunerative employment on a sustained basis.

Individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)).

"The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(citations omitted).

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15.  Here, the ALJ did not adequately link Plaintiff's ability to perform basic personal care and leisure activities to her capacity for handling the stress demands of competitive, remunerative work (even in a "low stress environment"). *See* SSR 85-15 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations, and to deal with changes in a routine work setting.").

As discussed further below, every examining physician found that Plaintiff would have a significant limitation in managing the stress and schedule of regular work.  Thus, Plaintiff's activities of daily living do not justify the ALJ's decision to discount the medical opinions and do not support the ALJ's RFC determination.

2.      *Non-Examining State Agency Review Consultants*

The ALJ afforded "significant weight" to the opinions of two non-examining State Agency review consultants. (T at 27).

In April of 2010, Dr. Arthur Lewy reviewed Plaintiff's records and noted a diagnosis of dysthymic disorder. (T at 267).  He assessed moderate limitations as to

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. (T at 274).  Dr. Lewy opined that Plaintiff would be moderately limited with regard to her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 278).  However, he found no limitation as to Plaintiff's ability to sustain an ordinary routine without special supervision, work in coordination or proximity to others without being distracted by them, and make simple work-related decisions. (T at 278).  Dr. Lewy opined that Plaintiff could complete predictable routines in a workday and cope with usual workplace hassles, stresses, and changes. (T at 280). In September of 2010, Dr. Rita Flanagan, another non-examining State Agency review consultant, reviewed and adopted Dr. Lewy's assessment. (T at 409).  The ALJ gave "significant weight" to these assessments, finding them consistent with Plaintiff's activities of daily living. (T at 27-28).

The opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant may be proper, but only where there are

17

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995); *see also Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.Wa. 2009)("The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it.")(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Here, for the reasons discussed above, the evidence of Plaintiff's activities of daily living does not provide an independent basis sufficient to allow the ALJ to use the non-examining consultant assessments to discount the examining physician opinions. Moreover, neither of the consultants had the opportunity to review Dr. Rosekrans's opinions, which were rendered after the consultants made their findings. This is significant because Dr. Rosekrans assessed marked limitations with regard to Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting (T at 413) and opined that Plaintiff could not engage in competitive employment. (T at 481). The ALJ does not appear to have considered this fact.

As such, this Court finds that the ALJ afforded undue weight to the non-examining consultants' opinions and those opinions do not constitute substantial evidence sufficient to sustain his decision.

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

*3.         Resolution of Conflicting Opinions*

The ALJ also discounted the various examining physician opinions by noting that some of the physicians assessed moderate limitations, while others found marked limitations.  However, the most significant fact is that *all* of the examining physicians found some significant limitation with regard to Plaintiff's ability to handle the stress demands of competitive, remunerative work on a sustained basis.

Dr. Rosekrans assessed marked limitations with regard to relating appropriately to co-workers and supervisors; responding appropriately to and tolerating the pressures and expectations of a normal work setting; and maintaining appropriate behavior in a work setting. (T at 413). He did not believe Plaintiff could engage in competitive employment. (T at 481).

Dr. Moua assessed marked limitation as to Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and moderate limitations with regard to relating appropriately with the public, co-workers, and supervisors and controlling physical or motor movements and maintaining appropriate behavior. (T at 228).

Dr. Arnold found moderate limitations with regard to Plaintiff's ability to maintain appropriate behavior, relate appropriately with co-workers and supervisors

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

and respond appropriately to and tolerate the pressure and expectations of a normal work setting. (T at 238).

Dr. Greene assessed moderate limitations as to Plaintiff's ability to make decisions and exercise judgment; perform routine tasks; respond appropriately to and tolerate the pressures and expectations of a normal work setting; relate appropriately with the public, co-workers, and supervisors and maintain appropriate behavior in a work setting. (T at 202).

In addition, in June of 2009, Jessica Garry, LMHC, a mental health counselor, conducted an in-person interview and evaluation of Plaintiff. Ms. Gary diagnosed adjustment disorder with mixed anxiety and depressed mood, maladaptive health behaviors affecting medical condition, and borderline intellectual functioning. (T at 217). She assessed marked limitation as to Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (T at 218). Ms. Garry opined that Plaintiff had moderate limitation as to her ability to relate appropriately to co-workers and supervisors, interact appropriately in public contacts, and maintain appropriate behavior. (T at 218).

The ALJ gave relatively more weight to the findings of Dr. Greene and Dr. Arnold, concluding that, while Plaintiff's ability to tolerate stress was limited, she could nevertheless work in a low stress environment with only occasional decision

making and changes in the work setting. The ALJ's decision in this regard was based, in material part, on his conclusion that Plaintiff's activities of daily living were inconsistent with marked mental health limitations.  (T at 25-30).

However, for the reasons outlined above, Plaintiff's activities of daily living are a poor predictor of her ability to handle the stress demands of work.  Further, to the extent the ALJ relied on the non-examining consultant opinions to assess the severity of Plaintiff's stress limitations, that reliance was also suspect for the reasons outlined above (*e.g.*, the consultants did not have access to Dr. Rosekrans's findings).

Moreover, even the physicians who assessed moderate limitations either found marked limitation in other areas or expressed general doubt about Plaintiff's ability to perform competitive, remunerative work in a regular and predictable manner. Although Dr. Greene assessed moderate limitations, he also described Plaintiff as "chronically mental[ly] ill" and opined that mental health intervention was not likely to restore or substantially improve her ability to work for pay in a regular and predictable manner. (T at 203).   Dr. Arnold found moderate limitation as to Plaintiff's ability to tolerate the pressures and expectations of a normal work setting, but also assessed marked limitation as to Plaintiff's ability to exercise judgment and make decisions. (T at 238).

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB

The ALJ is, as matter of law, entitled to resolve conflicts in the evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).   However, the ALJ's resolution of the conflict must be supported by substantial evidence.   Here, the ALJ's decision to choose the "moderate" findings over the "marked" findings was not supported by substantial evidence.   Further, it is not clear that the "moderate" findings, considered in context, actually provide material support for the conclusion that Plaintiff can tolerate the demands of even low stress work on a sustained, consistent basis.   Rather, the evidence, considered in context (including the opinions of several examining medical providers), makes it clear that Plaintiff's mental health impairments preclude her from meeting such demands.

## C.    Remand

The court has discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). An award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Id*. Courts have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find

the claimant disabled were such evidence credited. *Id*. In this case, the ALJ's reasons for discounting the examining physicians' opinions were legally insufficient. There are no outstanding issues and the record is fully developed. Thus, a finding that Plaintiff is disabled is required. Therefore, the ALJ's decision is reversed and this matter remanded for determination of benefits.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 19**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 21**, is **DENIED**.

This case is **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Plaintiff, and keep the case open for a period

of sixty (60) days to allow Plaintiff's counsel an opportunity to submit an

application for attorneys' fees.

DATED this 2nd day of September, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – LAYNE v COLVIN 13-CV-00230-VEB